UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:25-cv-22671-GAYLES

JESUS M. RODRIGUEZ-DELGADO,

    Petitioner,

v.

KRISTI NOEM, Secretary, Department of Homeland Security; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement (ICE) Department of Homeland Security; GARRETT J. RIPA, ICE Miami Field Office Director; ANGELICA ALFONSO-ROYALS, USCIS Acting Director, U.S. Citizenship and Immigration Services (USCIS), Department of Homeland Security; RUTH DOROCHOFF, USCIS District Director (District 10) United States Citizenship and Immigration Services (USCIS), Department of Homeland Security; SHELLEY RANDALL, USCIS Field Office Director (Fort Myers, FL), United States Citizenship and Immigration Services, Department of Homeland Security; and PAMELA BONDI, Attorney General of the United States U.S. Department of Justice,

    Respondents.
_____/

## ORDER TRANSFERRING ACTION

**THIS CAUSE** is before the Court on Respondents' Expedited Motion for Reconsideration of the Court's Order Staying Removal (the "Motion for Reconsideration"). [ECF No. 6]. The Court has reviewed the Motion for Reconsideration and the record and is otherwise fully advised. For the reasons set forth below, the Motion for Reconsideration is granted in part, and this action is transferred to the District of Arizona.

## BACKGROUND

On June 12, 2025, at 11:00 p.m. EST., Petitioner Jesus M. Rodriguez-Delgado ("Petitioner") filed his Petition for Writ of Habeas Corpus Under Title 28 U.S.C. § 2241 and Title 28 U.S.C. § 1983 (the Bivens Act), and Other Relief (Emergency-Noncitizen Detained for Removal from US) (the "Petition"). [ECF No. 1]. Petitioner alleges that, on May 30, 2025, Respondent U.S. Immigration and Customs Enforcement ("ICE") wrongfully detained him at the U.S. Immigration Court in Miami, Florida, and placed him in expedited removal proceedings in violation of, *inter alia*, ICE's regulations regarding expedited removal proceedings, the Immigration and Nationality Act, the Administrative Procedure Act, and 18 U.S.C. §§ 241, 242, and 371. It is undisputed that on June 1, 2025, ICE transferred Petitioner to a detention facility in El Paso, Texas, and, on June 12, 2025, transferred him to a detention facility in Florence, Arizona. *See* Declaration of Supervisory Detention and Deportation Officer Tobias Bencosme. [ECF No. 6-1 ¶¶ 4, 5].[1] On June 12, 2025, at approximately 7:40 p.m. MST (10:40 p.m. EST), Petitioner arrived in Mesa, Arizona by airplane and was transported to the detention facility in Florence, Arizona. *Id.* ¶ 6. Petitioner is currently in ICE custody in the District of Arizona and subject to expedited removal.

On June 13, 2025, the Court stayed Petitioner's removal pending Respondents' response to the Petition and a hearing on June 30, 2025. [ECF No. 4]. Respondents now move for reconsideration of the stay, arguing that the Court does not have jurisdiction over this action. The Court agrees.

---

[1] In his Response to the Motion, Petitioner does not dispute that he was transferred to Texas and later Arizona or the times of these transfers. Indeed, the Petition clearly alleges that Petitioner was outside of this district at the time of filing.

## DISCUSSION

Under § 2241, "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla,* 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). Thus, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443. *See also Trump v. J.G.G.*, 145 S. Ct. 1003, 1005-06 (2025). If the petitioner files his case in the wrong district, the court can *sua sponte* transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, Petitioner was in Arizona when he filed the Petition. Accordingly, this action should be transferred to the District of Arizona.[2]

Petitioner's claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Administrative Procedures Act do not mandate otherwise. Petitioner's claims, all relating to the "invalidity of [his] confinement and removal . . . fall within the 'core' of the writ of habeas corpus and must be brought in habeas." *See Trump.*, 145 S. Ct. at 1005. As set forth above, "[f]or core habeas petitions, jurisdiction lies in only one district: the district of confinement": here, the District of Arizona. *Id.* at 1005-06. In the event that Petitioner has additional claims that fall outside the "core" of the writ of habeas corpus, the district court in Arizona can address them.[3]

---

[2] Petitioner's reliance on *In re Hall*, 988 F.3d 376 (7th Cir. 2021), is misplaced. In *Hall*, the petitioner filed his habeas petition in the Southern District of Indiana, where he was incarcerated. After filing the petition, he was transferred to a federal prison in the Middle District of Florida. The district court in Indiana then transferred the action to the Middle District of Florida. On a petition for writ of mandamus, the Seventh Circuit mandated that the action return to Indiana because "a prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction." *Id.* at 378. Unlike the petitioner in *Hall*, Petitioner was not in the Southern District of Florida at this time his action was filed. Therefore, *Hall* provides no basis for this Court's jurisdiction over this action.

[3] Moreover, it is unlikely that Petitioner can raise a *Bivens* claim. In *Bivens*, the Supreme Court recognized an implied private right of action for damages under the Fourth Amendment against federal agents who conducted a warrantless search and arrest. *Egbert v. Boule*, 596 U.S. 482, 490 (2022) (citing *Bivens*, 403 U.S. at 397). The Supreme Court has only twice extended the scope of a *Bivens* claim: "first, for a former congressional staffer's Fifth Amendment sex-discrimination claim and second, for a federal prisoner's inadequate-care claim under the Eighth Amendment." *Id.* at 490-91 (internal citations omitted). Moreover, the Supreme Court has "consistently refused to extend *Bivens* liability to any new context or new category of defendants." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001). *See also De La Paz v. Coy*, 786 F.3d 367, 372 (5th Cir. 2015) (holding that *Bivens* does not extend to "claims arising from civil

3

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **TRANSFERRED** to the District of Arizona.

2. The hearing on June 30, 2025, is **CANCELLED**.

3. The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of June, 2025.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

immigration apprehensions and detentions, other than those alleging unconstitutionally excessive force."); *Alvarez v. U.S. Immigrations and Customs Enforcement*, 818 F.3d 1194, 1207 (11th Cir. 2016) (holding that "a plaintiff cannot recover damages under *Bivens* for constitutional violations that caused him to endure a prolonged immigration detention.").